**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JEFFREY HEMBERGER,** Plaintiff**,** vs. **SAFEWAY, INC.,** Defendant**.** | CASE NO. 18-cv-04252-YGR **ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS** Re: Dkt. Nos. 4, 10 |

On May 30, 2018, plaintiff Jeffrey Hemberger filed, in Superior Court of California, Alameda County, a complaint for (1) breach of collective bargaining agreement, (2) violation of California Labor Code Section 227 and 227.3, and (3) fraudulent denial of compensation against defendants Safeway, Inc. ("Safeway") and Does 1-25. (Dkt. No. 1 at 10-14 ("Compl.").) On July 16, 2018, Safeway removed the action to federal court. (Dkt. No. 1 at 2-8 ("Removal Notice").)

Now before the Court are plaintiff's motion to remand the action to state court (Dkt. No. 10 ("Remand Motion")) and Safeway's motion to dismiss (Dkt. No. 4 ("MTD")). Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court **DENIES** plaintiff's motion to remand and **GRANTS** Safeway's motion to dismiss with leave to amend.

**I. BACKGROUND**

**A. Factual Background**

Plaintiff alleges as follows:

Plaintiff was employed by Safeway from July 4, 2004 until his retirement on January 1, 2018. (Compl. ¶ 4.) Beginning in 1982, plaintiff was a union meat cutter and a member of the United Food & Commercial Workers Union ("UFCW"). (*Id.*) UFCW has executed a collective

bargaining with Safeway (the "CBA"). (*Id.*; *see also* Dkt. No. 1-2, Ex. A ("CBA").) Pursuant to the CBA, employees with 20 or more years of union service from their industry service date are entitled to five weeks of vacation each year. (Compl. ¶ 4.)

UFCW recognizes plaintiff's industry service date for vacation accrual purposes as January 1, 1982. (*Id.*) However, Safeway recognized plaintiff's industry service date as June 2, 1982. (*Id.*) When plaintiff began his employment with Safeway, he was improperly treated as a new hire and not given any vacation pay for his first year. (*Id.* ¶ 5.) Safeway subsequently allocated plaintiff's vacation pay for the following years as if he were a new hire union employee. (*Id.*)

In 2015, plaintiff filed a union grievance for unpaid vacation pay, which Safeway and UFCW negotiated on August 3, 3015. (Compl. ¶ 8.) Safeway and UFCW "determined to give plaintiff his proper vacation entitlement from 2015 forward." (*Id.* ¶ 5.) Both Safeway and UFCW agreed that plaintiff's industry service date was 1982 but "also agreed that plaintiff was entitled to vacation pay that did not represent that industry service date." (*Id.* ¶ 8.) For this reason, plaintiff rejected the agreement between Safeway and UFCW. (*Id.*) Plaintiff estimates that, from July 4, 2004 through 2014, he has been deprived of at least 32 weeks of vacation pay, which is worth approximately $31,491.59 at his prevailing wage during the relevant time. (*Id.* ¶ 6.) Plaintiff also avers that he should have been paid this amount upon his separation on January 1, 2018. (*Id.*)

**B. Procedural Background**

On May 30, 2018, Hemberger filed, in Superior Court of California, Alameda County, a complaint for (1) breach of collective bargaining agreement, (2) violation of California Labor Code Section 227 and 227.3, and (3) fraudulent denial of compensation against defendants Safeway and Does 1-25. (*See* Compl.) On June 15, 2018, plaintiff served Safeway with a copy of the complaint and other documents. (*See* Removal Notice ¶ 5; *see also* Dkt. No. 1 at 16-17 ("Proof of Service").)

Subsequently, on July 16, 2018, Safeway removed the action to the United States Court for the Northern District of California, pursuant to 28 U.S.C. Section 1331, based on the existence of a federal question. (Removal Notice at 1.) Specifically, Safeway pointed to the fact that plaintiff's claims require substantial interpretation of a collective bargaining agreement between

2

an employer and a union and are therefore "entirely preempted by Section 301 of the Labor Management Act ("LMRA"), 29 U.S.C. [Section] 185." (*Id.* ¶ 8.)

## II. MOTION TO REMAND

In his motion to remand and supplemental briefing, plaintiff argues that Safeway's removal of this action was improper because: (A) removal was untimely; (B) Safeway relies on and attaches the wrong CBA; (C) Safeway improperly invokes diversity jurisdiction; and (D) federal jurisdiction provided by Section 301 of the LMRA is not exclusive and preemption by Section 301 of the LMRA is not applicable because of plaintiff's retirement status. (*See* Remand Motion at 3-5; *see also* Dkt. No. 12 ("Suppl. Brief") at 1.) The Court addresses each in turn.

### A. Timeliness of Removal

A notice of removal in a civil action must be filed "within thirty (30) days after the service of the summons" and complaint. 28 U.S.C. § 1446(b). Federal Rule of Civil Procedure 6, which provides instruction for the computation of time "in any statute that does not specify a method of computing time," stipulates as follows:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1). The thirtieth day after service on June 15, 2018 was Sunday, July 15, 2018. Accordingly, the last day of the 30-day period stipulated by Section 1446(b) was Monday, July 16, 2018. Safeway timely filed its notice of removal on July 16, 2018.

### B. Reliance on "Wrong" CBA

Plaintiff points to the fact that Safeway has filed a UFCW document titled "Food and Meats Agreements" by and between UFCW Local 5 and Safeway dated October 12, 2014 through October 13, 2018 (*see* CBA) and in so filing described the document as "[a] true and correct copy of the relevant CBA that governed plaintiff's employment during all relevant times" (Removal Notice ¶ 10) as grounds for remand. (Remand Motion at 3-4.) Plaintiff argues that this filing is

"misleading" because "the CBA that was in effect when [plaintiff] started in 2004 didn't contain the clause that Safeway quotes in its Notice of Removal." (*Id.* at 4.)

In its Notice of Removal, Safeway argues that liability under plaintiff's second cause of action, violation of California Labor Code Section 227, is governed by specific terms in the CBA. Namely, that Section 227.3, which provides guidance on payments of vested vacation time upon separation, specifically states "[u]nless otherwise provided by a collective-bargaining agreement . . . ." and the agreement at issue in this case so provided. (Removal Notice at 5 (citing Ca. Labor Code § 227.3).) Safeway points specifically to a provision of the CBA that states "in the Meat Departments an employee who voluntarily leaves that service of an Employer and secures a job with another Employer in the Meat Industry shall forfeit one-half (1/2) of his accumulated subsequent vacation benefit based upon the revised years of service." (Removal Notice at 5 (citing CBA, Section 11.13).) Plaintiff avers that Section 11.13 the CBA was not in place when he began his employment with Safeway in 2004. (Removal Motion at 4 (citing Dkt. No. 10-1 at ECF 8).)

Plaintiff does not clearly state why the fact of an inaccurate, or even misleading, version of the CBA would support his motion for remand. The Court interprets plaintiff's argument to be that because the aforementioned CBA provision was not in existence at the time that plaintiff began working at Safeway, a determination of liability as to the second cause of action would not require *interpretation* of the CBA and therefore is not preempted by Section 301 of the LMRA. However, for the reasons discussed below, any resolution of plaintiff's claims will require an analysis or interpretation of the vesting and accrual provisions of some version of CBA regardless of whether the specific provision to which plaintiff points was in place throughout his employment. *See infra* II.D.ii.

### C. Invocation of Diversity Jurisdiction

Safeway concedes that it inadvertently cited to 28 U.S.C. Section 1441, subsection *(b)* in its removal papers and requests that the Court disregard "this minor typographical error." (Dkt. No. 17 ("Remand Opp.") at 9.) In its Removal Notice, Safeway states clearly that it "removes this action . . . based upon the existence of a federal question." (Removal Notice at 1.) Although

4

Safeway does cite to 28 U.S.C. 1441 *subsection (b)* in its Notice of Removal, in the same sentence Safeway articulates that its removal is predicated upon federal question jurisdiction (*Id.* (stating "this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(b), in that it is a civil action that *presents a federal question*") (emphasis supplied).) Accordingly, the Court disregards Safeway's typographical error and evaluates the suitability of removal based on Safeway's assertion of jurisdiction due to the existence of a federal question pursuant to 28 U.S.C. section 1441(a).

**D. Exclusivity of Jurisdiction of and Preemption Under Section 301 of the LMRA**

Section 301 of the LMRA provides federal jurisdiction over lawsuits involving a "violation of contracts between an employer and a labor organization representing employees . . . ." 29 U.S.C. § 185. The Ninth Circuit has interpreted Section 301 "quite broadly to cover most state-law actions that require interpretation of labor agreements." *Associated Builders & Contractors v. Local 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1356-57 (9th Cir. 1997). Section 301 preempts state law claims if "resolution of [that] state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). Therefore "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether the questions arise in the context of a suit of breach of contract or in a suit alleging liability in tort." *Id.* at 211. "Section 301 governs claims founded directly on rights created by collective bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). Accordingly, "the preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. at 210 (finding that the preemptive force of Section 301 is equally strong even where plaintiff has not necessarily expressly alleged a breach of contract claim).

### i. Exclusivity of Jurisdiction of Section 301

Plaintiff argues that this Court does not have *exclusive* jurisdiction of the instant action pursuant to Section 301, and therefore removal is improper. (Remand Motion at 5-6.) In support of this argument, plaintiff points to *Charles Dowd Box Co. v. Courtney*. (*Id.* (citing 368 U.S. 502, 509 (1962)).) However, in *Charles Dowd* the Supreme Court held that Section 301 does not *divest* a state court of jurisdiction over clams related to bargaining agreements and, accordingly, established *concurrent* state court jurisdiction for such claims. *Charles Dowd*, 368 U.S. at 509. Plaintiff has not articulated how, and the Court declines to find that, the existence of concurrent jurisdiction supports plaintiff's motion to remand in this particular circumstance.

### ii. Preemption by Section 301

Plaintiff also argues that because plaintiff has retired, he is no longer bound by the terms of the CBA and therefore Section 301 no longer applies, and removal is improper. (Suppl. Brief at 1-3.) In so arguing, plaintiff cites to *Allied Chemical & Alkali Workers, Local Union No. 1 v. Pittsburgh Plate Glass Co.*, for the proposition that retirees are not "employees" within the meaning of 8(a)(5) of the National Labor Relations Act ("NLRA") and therefore any disputes related to a collective bargaining agreement are not subject to preemption under Section 301 of the LMRA.[1] (Remand Motion at 2 (citing 404 U.S. 157 (1971).)

The Supreme Court's decision in *Allied Chemical* has no bearing on the instant action. In *Allied Chemical*, the union sought to renegotiate medical insurance benefits for retired employees and then filed a charge of unfair labor practices in violation of the NLRA against the company for the company's position that the retirees' benefits were not a mandatory subject of collective bargaining. 404 U.S. 157, 161-62 (1971). On appeal, the Supreme Court held that the collective-bargaining obligation extends only to the 'terms and conditions of employment' of the employer's 'employees,' and that the term 'employee' has its ordinary meaning, which excludes retirees. *Id.*

---

[1] Plaintiff also argues, without citing to any additional authority, that this line of reasoning excuses plaintiff from the mandatory grievance process articulated in the CBA. Based on current briefing, the Court is unpersuaded by this assertion. However, it also does not discern any relevance of this argument to plaintiff's motion to remand.

6

at 165. Here, although plaintiff is now retired, the terms and conditions at issue in this case are those that were negotiated by UFCW and, allegedly, grieved by plaintiff *during his employment*.

In his complaint, plaintiff expressly raised breach of the CBA in each of his allegations. (*See* Compl. ¶¶ 4, 7, 11, 16.) His first cause of action, "breach of collective bargaining agreement," does so on its face. (*Id.* at 2.) His second cause of action, "violation of California Labor Code Section 227 and 227.3," claims that Safeway "negotiated to deprive Plaintiff of the vacation time he had earned." (*Id.* ¶¶ 4, 13, 14.) Similarly, plaintiff's third cause of action, "fraudulent denial of compensation," claims that Safeway willfully "negotiated with the union for payment of vacation pay to Plaintiff that was less than the vacation time earned by Plaintiff." (*Id.* ¶ 17.) The vacation plaintiff claims to have been denied was earned pursuant to the vesting and accrual provisions of the CBA. (*Id.* ¶ 4.) Accordingly, the pleading suggests that any resolution of plaintiff's three causes of action will require an analysis or interpretation of those vesting and accrual provisions of the CBA. Because plaintiff's complaint expressly raises the terms and conditions articulated in the CBA and therefore depends substantially on an analysis of that CBA, the Court **DENIES** plaintiff's motion to remand.[2] *See Caterpillar, Inc.*, 482 U.S. at 394; *see also Allis-Chalmers Corp.*, 471 U.S. at 220.

### III. MOTION TO DISMISS

#### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[2] Accordingly, the Court also **DENIES AS MOOT** plaintiff's request for fees and costs.

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Further, where non-judicial remedies exist, a "failure to exhaust [the same] must be raised in a motion to dismiss."[3] *Inlandboatmens Union of Pacific v. Dutra Group*, 279 F.3d 1075, 1083 (9th Cir. 2002).

**B. Discussion**

For the reasons stated herein, plaintiff's claims are preempted by Section 301 of the LMRA. *See supra* II.D.ii. "Prior to bringing suit, an employee seeking to vindicate personal rights under a collective bargaining agreement must first attempt to exhaust any mandatory or exclusive grievance procedures provided in the agreement." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985-86 (9th Cir. 2007). "An exception to the general requirement of exhaustion exists, however, where the employee demonstrates that 'the union representing the employee in the grievance/arbitration procedure [has acted] in such discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation.'" *Id.* at 986 (quoting *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164 (1983)) (alternation in original). "If an employee does not agree with the results reached through the procedures of the CBA, the employee, in order to bring an individual suit directly against the employer for breach of the CBA, must *allege and prove* the union breached its duty of fair representation." *Id.* at 988 (internal quotations omitted) (emphasis in original).

Thus, a plaintiff must allege: (1) that the employer breached the collective bargaining agreement, and (2) that the labor union breached its duty of fair representation. *See DelCostello*, 462 U.S. at 165 ("To prevail . . . [employee-plaintiff] must . . . also carry the burden of

---

[3] Because the failure to exhaust is related to the court's jurisdiction, but "does not fall within any of the categories of reasons for dismissal specified in Rule 12(b)," a motion to dismiss for failure to exhaust non-judicial remedies "is properly considered a non-enumerated Rule 12(b) motion." *Id.* at 1078 n.2 (citing *Ritza v. Int'l. Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1998)).

8

demonstrating a breach of duty by the Union."). Such a suit is "a hybrid § 301/fair representation claim." *Id.*

"[T]he Supreme Court [has] held that the six-month statute of limitations for making charges of unfair labor practices to the National Labor Relations Board, containing in section 10(b) of the National Labor Relations Act, 29 U.S.C. §160(b), also applies to hybrid duty-of-fair representation/breach-of-collective-bargaining-agreement claims arising under section 301." *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 669 (9th Cir. 1985) (citing *DelCostello*, 462 U.S. at 169-70). "The statute of limitations begins to run when a plaintiff knew, or should have known, of the defendant's wrongdoing." *Stone v. Writer's Guild of America West, Inc.*, 101 F.3d 1312, 1314 (9th Cir. 1996) (internal citations omitted). Moreover, application of statutes of limitations are often fact-based inquiries better suited for determination by way of summary judgment. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (noting that if the statute of limitations "defense is not apparent on the face of the complaint and the motion to dismiss is not accompanied by acceptable affidavits, an appropriate summary judgment motion may be employed"); *see also Retail Clerks Union Local 648, AFL-CIO v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1037 n. 1 (9th Cir. 1983) (treating a motion to dismiss based on a statute of limitations defense as a motion for summary judgment in a Section 301 case).

Accordingly, the six-month statute of limitations applies to plaintiff's "hybrid duty-of-fair representation/breach-of-collective-bargaining-agreement claims arising under section 301." *See Harper*, 764 F.2d at 669. Based on the current allegations, plaintiff's claims appear to arise from Safeway's and UFCW's negotiation and resulting determination to "give plaintiff his proper vacation entitlement [only] from 2015 forward." (*See* Compl. ¶¶ 5, 8, 13, 17.) These allegations suggest plaintiff knew, or should have known, of that determination as of August 3, 2015. (*Id.*) *See Stone*, 101 F.3d at 1314. Accordingly, the six-month statute of limitations would have begun to run on that date. *See Harper*, 764 F.2d at 669. Plaintiff did not file the instant action until May 30, 2018, over two years after the six-month statute of limitations expired. (*See* Compl.) It is not clear whether plaintiff can allege sufficient facts to show that the statute of limitations should have begun to run from his separation. Thus, the Court will grant the motion but with leave to amend.

With respect to plaintiff's alternative agreement that his claim is timely under California law, the Court is not persuaded. Plaintiff claims to seek damages for Safeway's breach of California Labor Code Section 227.3, which prohibits the forfeiture of vested vacation time upon termination of employment and for which there "is no statute of limitations on the recovery of vested but unused vacation." (Dkt. No. 13 ("MTD Opp.") at 4-5.) In this regard, plaintiff points to his filing of the instant action "within months of his termination of employment." (*Id.* at 5.) These arguments only have merit where not preempted, as they are here.

Accordingly, the Court **GRANTS** Safeway's motion to dismiss with leave to amend.[4]

## IV. CONCLUSION

For the forgoing reasons, the Court **DENIES** plaintiff's motion to remand and **GRANTS** Safeway's motion to dismiss with leave to amend. To the extent plaintiff has a basis for filing an amended complaint, he must do so by **October 9, 2018**. Failure to do so will result in dismissal of the complaint. Defendant shall respond fourteen (14) days after filing.

This Order terminates Docket Numbers 4 and 10.

**IT IS SO ORDERED.**

Dated: September 25, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] Because the Court finds that all three of plaintiff's causes of actions are time-barred, the Court need not address Safeway's argument that the second and third causes of action should be dismissed for failure to exhaust the mandatory grievance process and that the third cause of action fails to state a claim. Should plaintiff file an amended complaint, defendant may raise the arguments anew.

10